CHARLES J. SCHUCK, Judge.
Claimant, a resident of Upper Glade, Webster county, West Virginia, sustained personal injuries by stepping into a hole in state road No. 20 in the town of Camden-on-Gauley, Webster county, while shopping there on the night of November 16, 1946. She had parked her car off the hard surface of the said highway and on the berm thereof, and while returning to the car, in stepping from the side *93 walk and not being able to see the hole in the darkness, stepped into it and. was thrown to the ground sustaining a fractured rib and other injuries which incapacitated her for several weeks thereafter. She had seen the hole on previous visits to Camden-on-Gauley but on the night in question a number of automobiles were parked along the sidewalk or close thereto, leaving little space for claimant to get to the highway in endeavoring to reach her car. The night was dark and from the testimony it would seem that the street lighting system of the town was not sufficient to assist her or light her way as she stepped off the sidewalk at the time and place indicated. She testifies (record p. 14) that the only vacant place between parked cars affording an opportunity to reach the highway was where she stepped off the sidewalk. This statement is not contradicted. Bearing in mind the foregoing facts and the attendant circumstances we do not feel that claimant had such knowledge of the presence of the hole as would charge her with contributory negligence and thus bar the prosecution of her claim. She knew the hole was there somewhere, but in the darkness of the night and with no light to guide her, having finished her shopping, she seemingly used the only available place to get to her car on the highway which action on her part cannot be construed as negligence or the lack of proper care when considered in connection with the surrounding facts and circumstances. The testimony shows in our opinion that she was lawfully' and properly using the highway at the time of the accident. The hole extended from the edge of the berm of the highway and immediately adjacent to the sidewalk, a distance of about eighteen or twenty inches out, into and upon the highway, and was about eight inches deep. It is used as a drainage point, to collect the water from the highway and direct it under the sidewalk to what is known as Coon Run, and while it has been repaired at times, yet, as shown in the instant claim, it is dangerous to those using the highway in question at the place where the accident to claimant happened while in its present state or condition. We believe a catch basin with grating, as testi *94 fied to by one of the witnesses (record p. 63) would remedy the condition and thus prevent the happening of any other or future accidents. The state, of course, is morally bound to make its highways reasonably safe for travel and to keep them in proper repair for the use of the public. This, in our opinion, was not done with the highway here involved, by reason of which neglect the hole in question continued as dangerous and a menace to those obliged to use the highway in the town of Camden-on-Gauley. Accordingly an award will be recommended.
Claimant some time after her accident, believing that the town of Camden-on-Gauley was responsible or liable for her damages, agreed to settle her claim, if paid then, for approximately thirty-three dollars. The town disclaimed liability and she was obliged to present and prosecute her claim here, involving, of course, additional time and expense as well as legal services. She also maintains that she could not do all of her housework for several months after she had made the offer of settlement to the town of Camden-on-Gauley, which she could do before; and that her suffering at times has continued for a longer period than she had expected. Taking into consideration all these facts we are of the opinion that she has suffered damages to the extent of $100.00 and that the state is morally bound to reimburse her.
An award is recommended accordingly in the said sum of one hundred dollars ($100.00) in favor of the claimant Katherine Presson.